Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
joscelin.thomas@gmail.com
NO PHONE/NO FAX

LODGED 2012 MAR 12 AM 11:57 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE BY:

FILED 2012 MAR 19 AM 9:25 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE BY:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Joscelin B. Thomas
*Plaintiff*

V.

CREDIT BUREAU COLLECTION SERVICES, INC.
*Defendant*

CV 12 - 02054 GHK (DTBx)

COMPLAINT

## INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., (hereinafter "FDCPA"), Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq. (hereinafter "ROSENTHAL"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, also violation of Fair Credit Reporting Act ("hereinafter FCRA") 15 U.S.C. §§ 1681 et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant violations, all of which occurred within one year from the filing date of this Complaint.

///

///

///

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d), 15 U.S C. §1681p, and 28 U.S.C § 1367, this Court also has supplemental jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

3. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California.

Venue is proper in the Central District of California. Venue is proper pursuant to 28 U.S.C § 1391.

## PARTIES

4. The Plaintiff in this lawsuit is Joscelin B. Thomas, (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County, California.

5. The Defendant in this lawsuit is CREDIT BUREAU COLLECTION SERVICES, INC. (hereinafter "CBCS or Defendant") who is an unknown entity with offices at 250 EAST TOWN STREET, COLUMBUS OH 43215, who transacts business as a debt collector in Riverside County, California.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3), a debtor as defined in Cal. Civil Code § 1788.2(h). Plaintiff is a consumer as defined by FCRA, 15 U.S.C. § 1681a(c).

7. On information and belief, CBCS attempted to collect an alleged debt, as defined in 15 U.S.C. §1692a(5) and Cal. Civil Code § 1788.2(d), in Riverside County from Plaintiff.

8. On information and belief, CBCS is a debt collector as defined in 15 U.S.C. §1692a(6) and a collection agency as defined in Civil Code § 1788.2(d).

9. On information and belief, CBCS is an information provider/Furnisher of Information as contemplated by FCRA U.S.C. § 1681S-2(a) & (b), (n) & (o) to the national credit reporting agencies ("CRA's") TransUnion, Experian, and Equifax, that affect the credit history and rating of this Plaintiff.

10. Plaintiff current position as to the validity of this alleged debt, is that the alleged debt was non-existent.

11. At a time unknown, Defendant acquired information regarding an alleged obligation that Plaintiff allegedly occurred.

12. In connection with the collection of an alleged debt, CBCS sent initial written communication to Plaintiff and received on or about January 24, 2011 in which CBCS provided Plaintiff with the communication required pursuant to FDCP A, 15 U.S.C. § 1692g (1-5) in a confusing and improper manner. Defendants stated in relevant part as follows:

> "TAKE ADVANTAGE OF TAX SEASON"
>
> "Many people will receive tax refunds soon and CBCS is making generous offers to settle past due accounts. You are eligible for an offer. If you are interested in paying this debt, simply enclose payment for $234.37, which is a substantial 50% reduction in the balance you owe."
>
> "Make this year the year to resolve this past due account."

13. In stating a settlement amount, which differs from amount stated in written communication within the initial thirty (30) day dispute period, Defendant statements overshadowed and were inconsistent with the disclosures required and violation of, 15 U.S.C. § 1692g(1-5) et seq., 15 U.S.C. § 1692e and 15 U.S.C. § 1692g(b) et seq.

14. Plaintiff timely notified CBCS in writing within the thirty (30) day period as described in FDCP A, 15 U.S.C. § 1692g(a). Once the debt or any portion thereof, is disputed, in which Plaintiff mailed on February 24, 2011 by U.S Mail/Return Receipt #7010 0780 0000 3364

9219, and Defendant continued to collect an alleged debt before **VALIDATION** was provided to the Plaintiff, in violation of the FDCPA 15 U.S.C. § 1692g(b). CBCS continued collection in Plaintiff credit report, after receiving validation letter from Plaintiff.

15. On or about December of 2010 Plaintiff received her credit reports from CRA's, she found entries in her reports which was the Defendant in this action.

16. CBCS is a furnisher of information to CRA's that affects the credit history and rating of this Plaintiff.

17. Plaintiff contacted the CRA's, via U.S Postal Service by Certified Mail/Return Receipt on March 22, 2011, with a **"Letter of Dispute"** requesting an investigation of CBCS reporting erroneous and inaccurate information of a non-existent alleged account, pursuant to *15 U.S.C. § 1681*et seq. CBCS was notified by the CRA's of Dispute from Plaintiff, as identified from Equifax notice sent to Plaintiff on May 2, 2011, TransUnion on April 22, 2011, and Equifax sent to Plaintiff on May 10, 2011.

18. As such, CBCS is under a duty not to furnish to a consumer reporting agency information about a consumer if Defendant knows, should know, or consciously avoids knowing, that the information it reports is inaccurate.

19. Prior to the filing of this lawsuit, CBCS continued to furnished inaccurate information to CRA's about Plaintiff. At the time it furnished such information, CBCS knew or should have known, or consciously avoided knowing, that the information it was reporting was inaccurate. Alternatively, CBCS willfully ignored and negligent in furnishing inaccurate and false information to CRA's and/or one or more third parties about Plaintiff, in violation of *15 U.S.C. § 1681*et seq.

20. Plaintiff asserts CBCS furnished and/or published false and defamatory information regarding Plaintiff's credit history and thereby to creditors and other potential creditors. At the

time it did so, CBCS know or should have known that the information it was furnishing was false and/or otherwise incorrect. In violation of *15 U.S.C. § 1681* et seq.

21. Plaintiff attempted to mitigate this matter with CBCS, by sending them a Notice of Intent to Sue on February 29, 2012, hoping the parties come to an amicable solution to resolve all issues prior to filing with this court, but they never responded.

## COUNT I
## VIOLATION OF THE FCDPA 15 U.S.C. § 1692
### By CBCS

22. Plaintiff restates and re-alleges herein all previous paragraphs 1-21.

23. The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a(3)

24. Defendants are debt collectors as defined in 15 U.S.C. § 1692a(6)

25. Defendants violated 15 U.S.C § 1692g (1-5) Failure to send required 30-day validation to consumer.

26. Defendants violated 15 U.S.C § 1692g(b) Collector must cease collection efforts until debt amount is validated.

27. Defendants violated 15 U.S.C § 1692e, by false, deceptive, or misleading representation or means in connection with the debt collection.

28. Defendants violated 15 U.S.C § 1692e(2)(A), in the character, amount, or legal status of the alleged debt.

29. Defendants violated 15 U.S.C § 1692e(5), by false, deceptive, or misleading representation, threaten to take any action that cannot legally be taken or that is not intended to be taken.

30. Defendants violated 15 U.S.C § 1692e(8), by false, deceptive, or misleading representation, communicate false credit information, including the failure to communicate that a debt is disputed.

31. Defendants violated 15 U.S.C § 1692e(10) by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

32. Defendants violated 15 U.S.C § 1692f(1), Unfair Practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

33. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual

and/or statutory damages under 15 U.S.C § 1692(k).

**WHEREFORE,** Plaintiff demands judgment for damages against CBCS for actual and/or statutory damages, attorney's fees and cost, pursuant to 15 U.S.C. § 1692(k).

## COUNT II
## VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE *§ 1788 et seq.*
### By CBCS

34. Plaintiff restates and re-alleges herein all previous paragraphs 1-21.

35. Pursuant to § 1788.2(C) the Defendant are debt collectors, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

36. Defendants are subject to the Rosenthal Fair Debt Collection Act (Cal. Civil Code § 1788-§ 1788.33 et. seq.)

37. Defendants violated 15 U.S.C § 1692g, as incorporated by ROSENTHAL § 1788.17, Failure to send the consumer a 30-day validation notice within five days of the initial communication.

38. Defendants violated 15 U.S.C § 1692g(B), as incorporated by ROSENTHAL § 1788.17, Collector must cease collection efforts until debt amount is validated.

39. Defendants violated 15 U.S.C § 1692e, as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation or means in connection with the debt collection.

40. Defendants violated 15 U.S.C § 1692e(2)(A), as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation of the amount of the alleged debt

41. Defendants violated 15 U.S.C § 1692e(5), as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation, threaten to take any action that cannot legally be taken or that is not intended to be taken.

42. Defendants violated 15 U.S.C § 1692e(8), as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation, communicate false credit information, including the failure to communicate that a debt is disputed.

43. Defendants violated 15 U.S.C § 1692e(10), as incorporated by ROSENTHAL § 1788.17, by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

44. Defendants violated 15 U.S.C § 1692f(1), as incorporated by ROSENTHAL § 1788.17, Unfair Practices, attempt to collect any amount not authorized by the agreement creating the
COMPLAINT Page 6 of 8

debt or permitted by law.

45. The Defendants violated ROSENTHAL § 1788.20(b), knowingly submit false or inaccurate information or willfully conceal adverse information bearing upon Plaintiff's credit worthiness, credit standing, or credit capacity.

46. Defendants violated ROSENTHAL 1788.13(l) any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.

47. Defendants violated § 1788.17 of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

**WHEREFORE,** Plaintiff demands judgment against CBCS for actual and/or statutory damages, attorney's fees and costs, pursuant to Cal. Civil Code § 1788.30(a).

## COUNT III
## VIOLATION OF THE FCRA 15 U.S.C. *§ 1681 et seq./ § 623*
## WILLFUL NON-COMPLIANCE/NEGLIGENT NON-COMPLIANCE
### By CBCS

48. Plaintiff restates and re-alleges herein all previous paragraphs 1-21.
49. Plaintiff is a consumer as defined by FCRA, 15 U.S.C. *§* 1681a(c).
50. CBCS is a furnisher of information within the meaning of the FCRA 15 U.S.C. *§ 1681S-2.*
51. Experian, TransUnion and Equifax is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).
52. Plaintiff disputed erroneous and inaccurate information with the CRA's, Experian, and Equifax.
53. CBCS received notification from CRA's that Plaintiff disputed the erroneous and inaccurate information they furnished, and failed to reasonably investigate.
54. Despite such disputes, CBCS failed to reasonably investigate Plaintiff's disputes and has refused to indicate Plaintiff's account **as disputed**.

**WHEREFORE,** Plaintiff demands judgment against CBCS for actual or statutory damages in the amount of $ 3,000.00, attorney's fees and cost, pursuant to 15 U.S.C. § 1681(n), and 15 U.S.C. § 1681(o).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as matter of law.

DATE:
March 12, 2012

*[signature]*

Joscelin B. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
<joscelin.thomas@gmail.com>

1
2

## CERTIFICATE OF SERVICE

3
4
5
6

Plaintiff is servicing this COMPLAINT to the Defendants CREDIT BUREAU COLLECTION SERVICES, INC. on or about March 12, 2012.  This COMPLAINT will be submitted to the court of record on or about March 12, 2012.  The process of serving to:

7
8  CORPORATION SERVICE COMPANY C/O
   CREDIT BUREAU COLLECTION SERVICES, INC.
9  250 East Town
   Columbus, OH 43215
10
11
12
13
14                                          _____
15                                          Joscelin B. Thomas
                                            14626 Red Gum St.
16                                          Moreno Valley, CA 92555
17                                          <joscelin.thomas@gmail.com>
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

      This case has been assigned to District Judge  George H. King  and the assigned discovery Magistrate Judge is  David T. Bristow  .

      The case number on all documents filed with the Court should read as follows:

**CV12-02054 GHK (DTBx)**

      Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

      All discovery related motions should be noticed on the calendar of the Magistrate Judge.

---

NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (01/09)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)
Thomas, Joscelin B.

**DEFENDANTS**
CREDIT BUREAU COLLECTION SERVICES, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violated of 15 U.S.C § 1692 ROSENTHAL FDCPA § 1788 abusive, harassing behavior; FCRA 15 U.S.C. § 1681 reporting erroneous and inaccurate information in CR.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV 12 - 02054 GHK (DTBx)

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

MAR 19 2012

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_ Date March 12, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Joscelin B. Thomas ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| CREDIT BUREAU COLLECTION SERVICES, INC. ) | CV 12 - 02054 GHK (DTBx) |
| *Defendant* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

CLERK OF COURT

Date: MAR 19 2012

L. MURRAY

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

*FOR OFFICE USE ONLY*